# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HERB PITCH,

    Plaintiff,

vs.                                           No. CIV 98-1378 JC/LCS

JANET ROEBUCK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint *(Doc. 12)*, filed February 26, 1999. The Court has reviewed the motion, the memoranda and supplemental response submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken and will be granted.

**Background**[1]

Plaintiff Herb Pitch worked as a tutor of student athletes at the University of New Mexico during the 1997-98 academic year. In December 1997, Mr. Pitch applied for a part-time, temporary position to teach a section of the Library 120 course at the University during the spring semester. Mr. Pitch was hired, and taught the class for the spring semester.

---

[1] This narrative is taken from the facts alleged in Plaintiff's complaint, supplemented with the background statements presented by both parties in their memoranda. For the purposes of a motion to dismiss under Rule 12(b)(6), I must accept Plaintiff's factual allegations as true. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974). I have included the supplemental information in this narrative only to "flesh out" the context of Plaintiff's "bare-bones" complaint.

Defendant Janet Roebuck is the Associate Provost for Academic Affairs for the University of New Mexico. She and Plaintiff disagreed on whether it was appropriate for Mr. Pitch to tutor student-athletes while he was teaching a class in which the same student-athletes were enrolled. She directed Mr. Pitch that no student-athletes should sign up for his section of the course. Apparently, Mr. Pitch lobbied to get this policy changed, including presenting a letter to the President of the University. In response to Mr. Pitch's efforts, Defendant Roebuck wrote a letter on February 24, 1998 to "persons in authority at the University of New Mexico concerning Pitch." First Am. Compl. ¶ 6. According to Plaintiff, the publication "alleged that Pitch has no grasp of the fundamental principles of appropriate professional conduct and that he was a danger to the students of the University of New Mexico and to the entire athletic program." *Id.* ¶ 7. Pitch applied to teach the library course for the next semester, but was not hired.

Plaintiff originally filed a complaint for defamation in state district court against Roebuck and the Board of Regents of the University of New Mexico. *See* Complaint for Defamation, CV-98-08217, attached to Notice of Removal *(Doc. 1)*. Plaintiff amended his complaint in the state court action, raising civil rights claims. *See id.* Defendant removed the case to federal court, and now seeks dismissal of Plaintiff's action.

**<u>Analysis</u>**

Defendant's motion seeks dismissal on the grounds that Plaintiff has failed to state a claim for which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). Alternatively, Defendant asserts that she is entitled to qualified immunity from liability as a public official acting in a manner that

does not violate clearly established statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Plaintiff's complaint essentially alleges that his reputation was damaged when Defendant Roebuck sent her February 24, 1998 letter to various University officials. A claim for damage to reputation, by itself, does not rise to the level of a civil rights violation. *See Paul v. Davis*, 424 U.S. 693, 708-09 (1976). Instead, Plaintiff must show that the damage to his reputation injured some legally recognized right or status. *See Doe v. Bagan*, 41 F.3d 571, 575-76 (10th Cir. 1994). An interest in future employment may rise to the level of a legally recognized property right, but only if it has been "recognized and protected by state law." *Id.* at 576 (quoting *Paul*, 424 U.S. at 710). To establish that the defamatory conduct deprived Plaintiff of a liberty interest, Plaintiff must show that the conduct created a stigma that prevented him from taking advantage of other employment opportunities. *See Corbitt v. Andersen*, 778 F.2d 1471 (10th Cir. 1985).

Thus, Plaintiff can withstand a motion to dismiss if he alleges facts that establish a legally recognized right to continued employment or that Defendant's conduct foreclosed other employment opportunities. Plaintiff's complaint attempts to allege a legally recognized right to continued employment at paragraph 12: "Pitch had a reasonable expectation that his employment with the University of New Mexico would be renewed." I note that Plaintiff does not allege that he was terminated before the end of his employment term, or that he had a contract for employment extending beyond the end of the semester. Neither does Plaintiff allege any facts in his complaint that would support the conclusion that he had a reasonable expectation of continued employment.

I note that both parties have presented materials outside the pleadings on the limited issue of whether Plaintiff had a reasonable expectation of continued employment. Plaintiff submitted a

supplemental response and affidavit on this issue.  *See* Supp. Resp. *(Doc. 15)*; Aff. of Herb Pitch *(Doc. 16)*.  Defendant attached a copy of Plaintiff's appointment letter to her memorandum in support of this motion.  *See* Def.'s Mem. of Law *(Doc. 13)* at Ex. A.  Because both parties have been given the opportunity to present all pertinent material on this issue, Rule 12(b) allows me to treat this one issue using the standards appropriate for summary judgment.

My review of the materials presented by the parties indicate that Plaintiff cannot establish, as a matter of law, a legally recognized right to continued employment.  Plaintiff's appointment was temporary, part-time, for a single semester only.  *See* Def.'s Mem. of Law *(Doc. 13)* at Ex. A.  The appointment letter clearly stated that the appointment "does not alter, positively or negatively, your chances of receiving future appointments as a temporary faculty member."  *Id.*  In response, Pitch presents an affidavit that describes events that took place in February of 1999, almost a year after the events described in the Complaint.  *See* Aff. of Herb Pitch *(Doc. 16)*.  These events concern Pitch's attempts to get paid for tutoring the same student-athletes that he worked with on a voluntary basis in previous semesters.  Pitch concludes his affidavit by stating:

> Based upon the Athletic Department's interest in having me continue to work with the basketball players, I feel that I reasonably could have expected to be rehired in the absence of Janet Roebuck's defamatory statements.

*Id.* ¶ 12.  Besides the fact that Pitch is confusing two different issues (employment as an instructor versus employment as a tutor), the affidavit does not provide any factual basis for Pitch's assertion that he had a reasonable expectation of continued employment.  Certainly, the affidavit does not contradict the clear language of the appointment letter that disavows any right to continued employment.

Plaintiff's complaint also fails to allege that Roebuck's communication was so stigmatizing that it foreclosed the possibility of other employment opportunities in his field. *See Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994). Plaintiff's claim that Roebuck's letter caused him "the loss of professional status in his chosen profession," First Am. Compl. at ¶ 15, is simply too vague and speculative to serve as the basis of a civil rights claim. *See Workman*, 32 F.3d at 481.

**Conclusion**

Plaintiff's First Amended Complaint does not adequately allege a protected property interest in continued employment or the deprivation of a liberty interest. Alternatively, even if I were to consider Plaintiff's assertion of a "reasonable expectation of continued employment" as a protected property interest, Defendant would be entitled to summary judgment on that issue. Because this decision is dispositive of all claims, I do not need to address the issue of qualified immunity.

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint *(Doc. 12)*, filed February 26, 1999, is **granted**. A final order in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered.

DATED this 22nd day of April, 1999.

_/s/ John Edwards Conway_
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:  Stephen P. Curtis
Albuquerque, New Mexico

Counsel for Defendant:  Susan A. Weckesser
Legal Bureau/RMD
Santa Fe, New Mexico